# NAYDENSKIY LAW GROUP, P.C.

**1517 Voorhies Ave, 2nd Fl., Brooklyn NY 11235, Naydenskiylaw@gmail.com, (718) 808-2224**

August 9, 2017

**BY ECF**

**Honorable Judge Lois Bloom**
**United States District Court**
**Eastern District of New York**
**225 Cadman Plaza East**
**Brooklyn, NY 11201**

    Re:    ***LYSENKO v. DR. GREGORY SHIFRIN, OB/GYN P.C.,***
               **Index No. 17-cv-1635**

### MOTION FOR SETTLEMENT APPROVAL

Dear Honorable Judge Bloom,

      We represent Plaintiff Yuliya Lysenko ("Plaintiff") in the above-referenced action. We write, with the consent of Defendants' counsel, to respectfully request judicial approval of the parties' proposed settlement agreement (the "Agreement"), attached hereto as Exhibit "A". The Agreement provides payment of ten thousand dollars ($10,000), inclusive of attorneys' fees and costs. For the reasons outlined below, the Parties respectfully request that Your Honor approve the Agreement as submitted.

### BACKGROUND

      Plaintiff filed a Complaint on March 23, 2017 asserting that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay her overtime pay for all hours worked in excess of 40 hours per week but, instead paying him a straight time rate of pay, and failing to provide proper wage notices and wage statements. Defendants submitted their answer on May 19, 2017. Thereafter, the Parties engaged in settlement discussions to resolve this bona fide dispute. The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through arm's length bargaining.

### SETTLEMENT AMOUNT

Plaintiff alleges that she was employed by Defendants from August, 2015 until in or around March, 2016. She alleges she worked between 50 and 59 hours for 2 weeks of the month and between 50 and 67 hours throughout the other 2 weeks of the month. Thus, Plaintiff purported that she is be owed approximately $3,094 in wages (10 overtime hours times $6.50 times 17 bi-weeks plus 18 overtime hours times $6.50 times 17 bi-weeks), plus $3,094 in liquidated damages, plus $5,000 in NYLL 195.1 hiring notice violation. Therefore, Plaintiffs approximate

maximum wages owed would be $11,188. Defendants dispute the amount of days and number of hours worked per week by Plaintiff.

Thus, a settlement of $10,000- which compensates Plaintiff approximately 90% of maximum damages owed as alleged by the Plaintiff - is a fair and reasonable settlement conducted at arms-length, through the advice of counsel.

## ATTORNEY FEES

Courts typically approve Plaintiffs' attorneys to recover one-third of the settlement amount. *ANTONIO ALONSO, Plaintiff, v. LE BILBOQUET NY, LLC, et al., Defendants.*, No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting Plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted).

Accordingly, the settlement agreement provides that Plaintiff's counsel will recover $3,693.33, equaling $540 in costs ($400 filing fee and $140 process server) deducted from the $10,000 settlement amount and one-third of the remainder $9,460 which equals $3,153. To date Plaintiff's counsel bore all costs of litigation and litigated a risky FLSA/NYLL case without compensation of any kind to date, with the fee wholly contingent upon the result achieved.

## **THE SETTLEMENT SHOULD BE APPROVED**

The standard for approval of FLSA settlement is well-established in the Second Circuit. As stated in the Report and Recommendation adopted by the Court in *Serebryakov v. Golden Touch Transp. of NY. Inc.*:

> When deciding whether to approve a motion for settlement of individual FLSA claims, the Court considers whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employers overreaching. In the absence of a certified class, a district court typically considers the following factors to determine whether a settlement of individual FLSA claims is reasonable: (1) the complexity, expense, and likely duration of litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation.

No. 12 Civ. 3990 (NGG)(RER), 2013 WL 3364393, at *2 (E.D.N.Y. July 2, 2013) (Garaufis, J) (citations and internal quotation marks omitted); *see also. e.g.. Calle. et al.*

*v. Elite Specialty Coatings Plus, Inc., et al.,* No. 13 Civ. 6126 (NGG)(VMS), 2014 WL 6621081, at *2 (E.D.N.Y. Nov. 21, 2014) (evaluating and approving a settlement using the above factors as well as comparing the settlement amount to counsel's lodestar); *Jn re Penthouse Executive Cluh Comp. Litig.,* No. 10 Civ. 1145 (KMW), 2014 WL 185628, at *7 (S.D.N.Y. Jan. 14, 2014) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353-54 (IIth Cir. 1982) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."); *Tiro v. Public House Investments. LLC,* Nos. 11 Civ. 7679 (CM), *et al,* 2013 WL 4830949, at *JO (S.D.N.Y. Sept. 10, 2013) (citing *Johnson v. Brennan,* No. 10 Civ. 4712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011); *Lynn's Food Stores,* 679 F.2d at 1353-54) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement, and approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."); *Yuzmy v. HSBC USA. N.A.,* No. 12 Civ. 3693 (PGG), 2013 WL 5492998, at *7 (S.D.N.Y. Oct. 2, 2013) (citing *Lynn's Food Stores,* 679 F.2d at 1354; *McMahon v. Olivier Cheng Catering & Events. LLC,* No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010)) ("If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved."): *Diaz v. Scores Holding Co., Inc.,* No. 07 Civ. 8718 (THK), 2011 WL 6399468, at *2 (S.D.N.Y. July 11, 2011) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bonafide* disputes. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement".) (citations omitted); *Hens v. Clientlogic Operating CmlJ.,* No. 05 Civ. 381S (WMS), 2010 WL 5490833, at *2 (W.D.N.Y. Dec. 21, 2010) (approving FLSA – not Rule 23 – settlement where the proposed settlement resolved contested litigation in a *bona fide* dispute, and was the product of lengthy, vigorous arm's length negotiations between experienced counsel).

Based on the above, the proposed settlement, which provides for a payment of $10,000 and was the result of hard fought and arm's-length negotiations between experienced counsel, is fair and should be approved. Further litigation will require both parties to invest substantial time and expenses. While Plaintiff believes she will ultimately prevail on her claims, she acknowledges that she faces risks to establish damages. Similarly, Defendants are confident that they would be able to severely challenge Plaintiff's claims, but were mindful that this would have only occurred after a protracted litigation and at a significant cost. Based on the above, the $10,000 settlement falls within the range of reasonableness in light of the best possible recovery and all the risks of litigation, and should be approved. *See, e.g.. Calle,* 2014 WL 6621081, at *3-4 (declaring the settlement agreement fair and reasonable and approving it); *Serebryakov,* 2013 WL 3364393, at *I (adopting Magistrate Judge's Report and Recommendation to approve FLSA settlement); *Peralta v. Allied Contracting II C01p.,* No. 09 Civ. 953 (NGG)(RER), 2011 WL 3625501, at *I (E.D.N.Y. Aug. 17, 2011) (same).

Dated: August 9, 2017                                             Naydenskiy Law Group, P.C.
                                                                                   _____s/_____

Gennadiy Naydenskiy  
1517 Voorhies Ave, 2nd Fl.  
Brooklyn, New York 11235  
(718) 808-2224  
naydenskiylaw@gmail.com  
*Attorney for Plaintiff*

4823-7529-5564, v. 1

# EXHIBIT A

## SETTLEMENT AGREEMENT

**IT IS HEREBY AGREED BY AND AMONG,** YULIYA LYSENKO ("Plaintiff") and DR. GREGORY SHIFRIN, OB/GYN P.C., SURGERY OF TOMORROW, LLC., DR. GREGORY SHIFRIN, and ELLA SHIFRIN ("Defendants") as follows:

**WHEREAS**, Plaintiff commenced an action in United States District Court, Eastern District of New York on March 23, 2017 styled as *YULIYA LYSENKO v. DR. GREGORY SHIFRIN, OB/GYN P.C., SURGERY OF TOMORROW, LLC., DR. GREGORY SHIFRIN, and ELLA SHIFRIN*, Index No. 17-cv-1635 (hereinafter the "Action") in which she has asserted various claims and avers she is entitled to alleged overtime payments under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL"), as well as compensation for notice violations and wage statement violations under the NYLL; and

**WHEREAS**, Defendants filed their Answer on May 19, 2017, denying all of the material allegations asserted by Plaintiff and denying that they violated any law, rule or regulation or committed any wrong whatsoever against the Plaintiff; and

**WHEREAS**, Plaintiff and Defendants (singularly, a "Party." Collectively the "Parties"), despite the existence of a genuine dispute between the Parties, have agreed, in good faith, to avoid the time, expense and effort of engaging in further litigation by fully and finally resolving and settling all wage and hour claims that Plaintiff has, had or may have against Defendants, including but not limited to, all minimum wage, overtime and spread of hours claims and issues that were or could have been raised by Plaintiff, by way of this Settlement Agreement (hereinafter, the "Agreement");

**WHEREAS**, Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action, have negotiated extensively in good faith to reach a settlement acceptable to the Parties, which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses, and the *bona fide* dispute between the Parties;

**NOW, THEREFORE**, the Parties hereby agree, for the consideration and upon the terms set forth in this Agreement, and incorporating the above "Whereas" clauses, as follows:

1. In full, final and complete settlement of the claims asserted in the Action including any and all claims for unpaid wages, overtime pay, liquidated damages, penalties, interest and any and all other claims and potential claims asserted by the Plaintiff, including attorneys' fees and costs, Defendants hereby agree to cause to be paid to the Plaintiff the gross sum of Ten Thousand Dollars ($10,000.00) ("Settlement Amount") as follows:

(a) Within twenty (20) days of the Court's approval of this Agreement and the So Ordering of the dismissal of this action, Defendants shall forward to Plaintiff's counsel three (3) checks, constituting the Settlement Amount, made payable as follows:

   i.   one (1) check in the amount of $3,153.34 less applicable withholdings, made payable to

1

YULIYA LYSENKO representing payment of economic damages;

 ii. one (1) check in the amount of $3,153.33 made payable to YULIYA LYSENKO representing payment of liquidated damages; and

 iii. one (1) check in the amount of $3,693.33 made payable to NAYDENSKIY LAW GROUP representing reasonable legal fees and costs.

(b) Plaintiff acknowledges that she will be issued a form W-2 at the appropriate time for all amounts representing Plaintiff's economic damages and shall make all lawful deductions in accordance with a tax W-4 transmitted by Plaintiff at the time she transmits an executed copy of this Agreement.

(c) Plaintiff acknowledges that the Defendants may issue a tax form 1099 at the appropriate time for all amounts representing liquidated damages and Plaintiff's attorneys' fees and costs.

 All payments set forth above shall be delivered to or mailed via overnight delivery to the Naydenskiy Law Group, P.C., 1517 Voorhies Ave, 2nd Fl., Brooklyn, NY, 11235.

 2. In consideration of the payment to Plaintiff by Defendants of the Settlement Amount constituting good and valuable consideration, Plaintiff hereby, acting on her own free will and volition, and on behalf of herself, heirs, administrators, executors, representatives, successors and assigns, in their capacities as such, release the Defendants, as well as Defendants' current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Plaintiff to be an "employer" both individually and in their official capacities, as well as Defendants' respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies (all of said individuals and entities referenced above are, with Defendants, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all claims, complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, sick time, liquidated damages, and/or statutory penalties) purportedly owed to Plaintiff under the FLSA, NYLL, New York City law, the Equal Pay Act, or any other law, regulation, or ordinance regulating the payment of wages, which Plaintiff, his respective heirs, executors, administrators, agents, successors, and assigns, has, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action.

 3. By entering into this Agreement, none of the parties hereby make any admission or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the Parties hereto. Neither the payments set forth herein nor the

negotiations for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of the Defendants, who expressly deny any liability to the Plaintiff arising out of or in connection with the Action. No Party hereto shall be deemed to be a prevailing party for any purpose.

4. In the event that any payments described in Paragraph 1 are not received by Plaintiff's counsel by the dates set forth above, Plaintiff's counsel shall provide written notice to Defendants' counsel, Keith Gutstein, Esq., Kaufman Dolowich & Voluck, LLP, via email at KGutstein@kdvlaw.com, of said non-payment or incomplete payment. Defendants will have ten (10) days from the date of receipt of Plaintiff's written notice to remedy the untimely or incomplete payment(s) before Plaintiff deems Defendants to be in default and the Agreement breached. If Defendants duly remedy the untimely or incomplete payment(s) before the expiration of that ten (10) day period, Defendants shall not be in default and the Agreement shall not be breached. If Defendants do not remedy the untimely or incomplete payment(s) after the expiration of that ten (10) day period, Plaintiff will have the option to re-open the herein case.

5. Plaintiff agrees to hold Defendants harmless, and indemnify Defendants from any payments Defendants may be required to make to any taxing authority resulting from the issuance of an IRS form 1099 as a result of Plaintiff's failure to pay any taxes related to any income garnered by and through this Agreement.

6. Plaintiff promises and represents that she will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative body and will also withdraw with prejudice all judicial actions, including this Action, and as well as any and all other lawsuits, claims, demands or actions relating to wage and hour claims pending against any and all Releasees, both individually and in their/its official capacities. Plaintiff will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind relating to wage and hour claims against Releasees as she acknowledges no valid basis for filing such a claim. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn or are filed due to circumstances beyond the control of Plaintiff, she promises and represents that she will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceedings connected with or resulting from such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiff will execute such papers or documents as the requesting Party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice.

7. Plaintiff acknowledges that, upon payment as described in paragraph 1 herein, she has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including, but not limited to, those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

8. Plaintiff acknowledges that upon receipt of all of the payments set forth in Paragraph 1

of this Agreement, she has been paid in full for all time worked and is owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours or stretch pay, withheld payroll deductions, call in pay, vacation or sick pay, accrued benefits (including, but not limited to, health care benefits), bonus or commission.

9. Plaintiff agrees that she shall not make any statement, written, oral or electronic, which in any way disparages Defendants, any employee Plaintiff knows to be employed by Defendants, or Defendants' business practices. However, this Paragraph shall not be interpreted to prevent Plaintiff from making truthful statements concerning her experience litigating this Action. In the event that a prospective employer contacts Defendants seeking a reference for Plaintiff, and provided that Plaintiff directs said prospective employer solely to Dr. Gregory Shifrin, via email at geshifrin@gmail.com, Defendants will provide a neutral reference, confirming only Employee's last job title, dates of employment and nothing further.

10. This Agreement shall not be interpreted in favor or against either Party on account of such Party's counsel having drafted this Agreement.

11. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation of Dismissal.

12. If any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree that it is their intent that such provision should be enforceable to the maximum extent possible under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. If any provisions of this Agreement are held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof.

13. The parties agree that the United States District Court, Eastern District of New York shall retain Jurisdiction for all purposes.

14. In the event any party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other party or parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

15. By signing this Agreement, Defendants and Plaintiff know of no reason why their respective signatures would be ineffective in any way to bind them.

16. This Agreement represents the entire agreement between Plaintiff and Defendants. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

17. This Agreement shall be governed by the laws of the State of New York, without regard

to the choice-of-law or conflicts-of-law principles of any jurisdiction.

18. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

19. For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

For Plaintiff(s): Gennadiy Naydenskiy, Naydenskiy Law Group, P.C., 1517 Voorhies Ave, 2nd Fl., Brooklyn, NY, 11235.

For Defendant(s): Keith J. Gutstein, Kaufman Dolowich Voluck, 135 Crossways Park Drive, Suite 201, Woodbury, NY, 11797.

**Plaintiff represents that she has had a full opportunity to review and consider the terms and conditions of this Agreement and to have discussed them with her respective counsel or financial advisor, and has had sufficient time to review and consider this Agreement, fully understand all of the provisions of this Agreement and has executed same freely.**
Date:

_____Y. Lysenko_____
YULIYA LYSENKO

STATE OF NEW YORK      }
                       } S.S.
COUNTY OF Kings        }

On Aug. 08, 2017, before me personally came Yuliya Lysenko, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement, and duly acknowledged to me that she executed the same.

_____Oleg Vinik_____
NOTARY PUBLIC
OLEG VINIK
Notary Public - State of New York
No. 01VI6121104
Qualified in Kings County
My Commission Expires 01/10/2021

[DEFENDANTS SIGNATURES ON NEXT PAGE]

5

## SETTLEMENT AGREEMENT

IT IS HEREBY AGREED BY AND AMONG, YULIYA LYSENKO ("Plaintiff") and DR. GREGORY SHIFRIN, OB/GYN P.C., SURGERY OF TOMORROW, LLC., DR. GREGORY SHIFRIN, and ELLA SHIFRIN ("Defendants") as follows:

WHEREAS, Plaintiff commenced an action in United States District Court, Eastern District of New York on March 23, 2017 styled as *YULIYA LYSENKO v. DR. GREGORY SHIFRIN, OB/GYN P.C., SURGERY OF TOMORROW, LLC., DR. GREGORY SHIFRIN, and ELLA SHIFRIN*, Index No. 17-cv-1635 (hereinafter the "Action") in which she has asserted various claims and avers she is entitled to alleged overtime payments under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL"), as well as compensation for notice violations and wage statement violations under the NYLL; and

WHEREAS, Defendants filed their Answer on May 19, 2017, denying all of the material allegations asserted by Plaintiff and denying that they violated any law, rule or regulation or committed any wrong whatsoever against the Plaintiff; and

WHEREAS, Plaintiff and Defendants (singularly, a "Party." Collectively the "Parties"), despite the existence of a genuine dispute between the Parties, have agreed, in good faith, to avoid the time, expense and effort of engaging in further litigation by fully and finally resolving and settling all wage and hour claims that Plaintiff has, had or may have against Defendants, including but not limited to, all minimum wage, overtime and spread of hours claims and issues that were or could have been raised by Plaintiff, by way of this Settlement Agreement (hereinafter, the "Agreement");

WHEREAS, Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action, have negotiated extensively in good faith to reach a settlement acceptable to the Parties, which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses, and the *bona fide* dispute between the Parties;

NOW, THEREFORE, the Parties hereby agree, for the consideration and upon the terms set forth in this Agreement, and incorporating the above "Whereas" clauses, as follows:

1. In full, final and complete settlement of the claims asserted in the Action including any and all claims for unpaid wages, overtime pay, liquidated damages, penalties, interest and any and all other claims and potential claims asserted by the Plaintiff, including attorneys' fees and costs, Defendants hereby agree to cause to be paid to the Plaintiff the gross sum of Ten Thousand Dollars ($10,000.00) ("Settlement Amount") as follows:

(a) Within twenty (20) days of the Court's approval of this Agreement and the So Ordering of the dismissal of this action, Defendants shall forward to Plaintiff's counsel three (3) checks, constituting the Settlement Amount, made payable as follows:

    i.    one (1) check in the amount of $3,153.34 less applicable withholdings, made payable to

    YULIYA LYSENKO representing payment of economic damages;

  ii. one (1) check in the amount of $3,153.33 made payable to YULIYA LYSENKO representing payment of liquidated damages; and

  iii. one (1) check in the amount of $3,693.33 made payable to NAYDENSKIY LAW GROUP representing reasonable legal fees and costs.

(b) Plaintiff acknowledges that she will be issued a form W-2 at the appropriate time for all amounts representing Plaintiff's economic damages and shall make all lawful deductions in accordance with a tax W-4 transmitted by Plaintiff at the time she transmits an executed copy of this Agreement.

(c) Plaintiff acknowledges that the Defendants may issue a tax form 1099 at the appropriate time for all amounts representing liquidated damages and Plaintiff's attorneys' fees and costs.

  All payments set forth above shall be delivered to or mailed via overnight delivery to the Naydenskiy Law Group, P.C., 1517 Voorhies Ave, 2nd Fl., Brooklyn, NY, 11235.

  2. In consideration of the payment to Plaintiff by Defendants of the Settlement Amount constituting good and valuable consideration, Plaintiff hereby, acting on her own free will and volition, and on behalf of herself, heirs, administrators, executors, representatives, successors and assigns, in their capacities as such, release the Defendants, as well as Defendants' current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Plaintiff to be an "employer" both individually and in their official capacities, as well as Defendants' respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies (all of said individuals and entities referenced above are, with Defendants, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all claims, complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, sick time, liquidated damages, and/or statutory penalties) purportedly owed to Plaintiff under the FLSA, NYLL, New York City law, the Equal Pay Act, or any other law, regulation, or ordinance regulating the payment of wages, which Plaintiff, his respective heirs, executors, administrators, agents, successors, and assigns, has, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action.

  3. By entering into this Agreement, none of the parties hereby make any admission or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the Parties hereto. Neither the payments set forth herein nor the

negotiations for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of the Defendants, who expressly deny any liability to the Plaintiff arising out of or in connection with the Action. No Party hereto shall be deemed to be a prevailing party for any purpose.

4. In the event that any payments described in Paragraph 1 are not received by Plaintiff's counsel by the dates set forth above, Plaintiff's counsel shall provide written notice to Defendants' counsel, Keith Gutstein, Esq., Kaufman Dolowich & Voluck, LLP, via email at KGutstein@kdvlaw.com, of said non-payment or incomplete payment. Defendants will have ten (10) days from the date of receipt of Plaintiff's written notice to remedy the untimely or incomplete payment(s) before Plaintiff deems Defendants to be in default and the Agreement breached. If Defendants duly remedy the untimely or incomplete payment(s) before the expiration of that ten (10) day period, Defendants shall not be in default and the Agreement shall not be breached. If Defendants do not remedy the untimely or incomplete payment(s) after the expiration of that ten (10) day period, Plaintiff will have the option to re-open the herein case.

5. Plaintiff agrees to hold Defendants harmless, and indemnify Defendants from any payments Defendants may be required to make to any taxing authority resulting from the issuance of an IRS form 1099 as a result of Plaintiff's failure to pay any taxes related to any income garnered by and through this Agreement.

6. Plaintiff promises and represents that she will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative body and will also withdraw with prejudice all judicial actions, including this Action, and as well as any and all other lawsuits, claims, demands or actions relating to wage and hour claims pending against any and all Releasees, both individually and in their/its official capacities. Plaintiff will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind relating to wage and hour claims against Releasees as she acknowledges no valid basis for filing such a claim. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn or are filed due to circumstances beyond the control of Plaintiff, she promises and represents that she will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceedings connected with or resulting from such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiff will execute such papers or documents as the requesting Party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice.

7. Plaintiff acknowledges that, upon payment as described in paragraph 1 herein, she has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including, but not limited to, those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

8. Plaintiff acknowledges that upon receipt of all of the payments set forth in Paragraph 1

of this Agreement, she has been paid in full for all time worked and is owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours or stretch pay, withheld payroll deductions, call in pay, vacation or sick pay, accrued benefits (including, but not limited to, health care benefits), bonus or commission.

9. Plaintiff agrees that she shall not make any statement, written, oral or electronic, which in any way disparages Defendants, any employee Plaintiff knows to be employed by Defendants, or Defendants' business practices. However, this Paragraph shall not be interpreted to prevent Plaintiff from making truthful statements concerning her experience litigating this Action. In the event that a prospective employer contacts Defendants seeking a reference for Plaintiff, and provided that Plaintiff directs said prospective employer solely to Dr. Gregory Shifrin, via email at geshifrin@gmail.com, Defendants will provide a neutral reference, confirming only Employee's last job title, dates of employment and nothing further.

10. This Agreement shall not be interpreted in favor or against either Party on account of such Party's counsel having drafted this Agreement.

11. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation of Dismissal.

12. If any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree t hat it is their intent that such provision should be enforceable to the maximum extent possible under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. If any provisions of this Agreement are held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof.

13. The parties agree that the United States District Court, Eastern District of New York shall retain Jurisdiction for all purposes.

14. In the event any party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other party or parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

15. By signing this Agreement, Defendants and Plaintiff know of no reason why their respective signatures would be ineffective in any way to bind them.

16. This Agreement represents the entire agreement between Plaintiff and Defendants. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

17. This Agreement shall be governed by the laws of the State of New York, without regard

to the choice-of-law or conflicts-of-law principles of any jurisdiction.

    18. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

    19. For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

For Plaintiff(s): Gennadiy Naydenskiy, Naydenskiy Law Group, P.C., 1517 Voorhies Ave, 2nd Fl., Brooklyn, NY, 11235.

For Defendant(s): Keith J. Gutstein, Kaufman Dolowich Voluck, 135 Crossways Park Drive, Suite 201, Woodbury, NY, 11797.

**Plaintiff represents that she has had a full opportunity to review and consider the terms and conditions of this Agreement and to have discussed them with her respective counsel or financial advisor, and has had sufficient time to review and consider this Agreement, fully understand all of the provisions of this Agreement and has executed same freely.**
Date:

_____
YULIYA LYSENKO

| STATE OF NEW YORK | } |
|---|---|
| | }S.S. |
| COUNTY OF _____ | } |

    On _____, 2017, before me personally came Yuliya Lysenko, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement, and duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

[DEFENDANTS SIGNATURES ON NEXT PAGE]

Date: 8/2/2017

_____
DR. GREGORY SHIFRIN, OB/GYN P.C.

By: _____

Date: _____

_____
DR. GREGORY SHIFRIN

Date: 8/02/17

_____
SURGERY OF TOMORROW, LLC.

By: _____

Date: 8/2/17

_____
ELLA SHIFRIN

4816-3980-7564, v. 1

6