FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 11 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

YULIYA LYSENKO,

                     Plaintiff,                                **ORDER**

      - against -                                 **17 CV 1635 (LB)**

DR. GREGORY SHIFRIN, OB/GYN P.C.,
SURGERY OF TOMORROW, LLC.,
GREGORY SHIFRIN, ELLA SHIFRIN,

                     Defendants.

-------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      On March 23, 2017, plaintiff Yuliya Lysenko filed a complaint alleging that defendants violated the Fair Labor Standards Act ("FLSA"), and provisions of the New York Labor Law ("NYLL"), by failing to pay her overtime compensation. (ECF No. 1.) By letter dated July 26, 2017, the parties notified the Court that they were close to finalizing settlement. (ECF No. 11.) The parties now move for Court approval of their settlement agreement.[1] (Motion for Settlement Approval, "Mot. Settl." ECF No. 12; Settlement Agreement, "Settle Agree." ECF No. 12, Exh. A). For the reasons set forth herein, the settlement agreement is approved as fair and reasonable.

      "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved, if the proposed agreement "reflects a reasonable compromise over contested issues." <u>Kochilas v. Nt'l Merchant Servs., Inc.</u>, No. 14 CV 311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). Here, the parties have agreed that defendants shall pay plaintiff a total settlement amount of $10,000, including

---

[1] The parties consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c). (ECF No. 14.)

attorneys' fees and costs, as further detailed in the settlement agreement. See Settle Agree. at 1-2. The settlement amount is to be distributed in three checks made payable as follows: (1) Yuliya Lysenko: $3,153.34 less applicable withholdings (representing payment of economic damages); (2) Yuliya Lysenko: $3,153.33 (representing payment of liquidated damages); (3) Naydenskiy Law Group: $3,693.33 (representing legal fees and costs). See Settle Agree. at ¶ 1. This is a fair and reasonable settlement. The agreement does not include a general release or a confidentiality clause.[2] Upon review of the circumstances of the case, the work required to resolve this matter, and the fact that attorneys' fees are 1/3 of the settlement amount (after deducting costs),[3] the Court finds that plaintiff's request for attorneys' fees and costs is reasonable. See 29 U.S.C. § 216(b); see also Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012).

Accordingly, the Court approves the settlement agreement. The parties shall file a stipulation discontinuing the case by October 2, 2017.

SO ORDERED.

                                                          /S/
                                       LOIS BLOOM
                                       United States Magistrate Judge

Dated: September 11, 2017
       Brooklyn, New York

---

[2] The settlement agreement does include a non-disparagement clause. See Settle Agree. at ¶ 9 ("Plaintiff agrees that she shall not make any statement, written, oral or electronic, which in any way disparages defendants. . . ."). The Court notes that non-disparagement clauses may contravene the remedial purposes of the FLSA. See Martinez v. Gulluoglu LLC, No. 15 CIV. 2727 (PAE), 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (collecting cases) (explaining that non-disparagement clauses in FLSA actions may be objectionable). However, because the clause contains an exception for truthful statements, and does not limit plaintiff's ability to make truthful statements about her experience litigating the instant matter, this clause is acceptable.
[3] Although plaintiff's counsel has not submitted contemporaneous time records for the Court's review, "[a] one-third contingency fee is a commonly accepted fee in this Circuit." Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 19, 2014); see also Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit.").